

*Muriel Goode-Trufant*
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**SONYA GIDUMAL CHAZIN**
Senior Counsel
Labor & Employment Law Division
(212) 356-0890
schazin@law.nyc.gov

November 12, 2025

<u>Via ECF</u>
Honorable Judge Jennifer L. Rochon
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 20B
New York, New York 10007

      Re:  <u>Stephanie MCCaffrey v. New York City Police Department</u>
          Civil Action No.: 25-cv-06528 (JLR)

Dear Judge Rochon:

      I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, assigned to represent Defendant in the above-referenced action. I write to apologize for the delay in submitting the proposed Case Management Plan as directed by the Court. The omission was inadvertent, and I sincerely regret any inconvenience caused to the Court.

      At this time, with the consent of Plaintiff's counsel, Defendant respectfully requests that discovery be stayed pending the resolution of Defendant's motion to dismiss. The motion was filed on November 9, 2025, and if granted, may dispose of or significantly narrow the issues in this case. A stay would therefore conserve judicial and party resources.

      We thank the Court for its consideration of this request.

Respectfully Submitted,

*/s/ S. Chazin*

Sonya Gidumal Chazin
Assistant Corporation Counsel

Dated: November 12, 2025
      New York, New York

**SO ORDERED.**

*/s/ Jennifer Rochon*

**JENNIFER L. ROCHON**
**United States District Judge**

---

Request GRANTED. A court may, on a showing of "good cause," stay discovery during the pendency of a motion to dismiss. *See, e.g.*, *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018). However, the filing of a motion to dismiss does not itself constitute "good cause," and courts have considerable discretion in determining whether a stay is warranted. *See Kaplan v. Lebanese Canadian Bank, SAL*, No. 08-cv-7253 (GBD) (KHP), 2022 WL 2541081, at *1 (S.D.N.Y. July 7, 2022). In exercising this discretion, courts consider: "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). The "strength of the motion" factor contemplates whether the party seeking the stay has "substantial arguments for dismissal," or whether "the plaintiff's claim is unmeritorious." *Id.* (citations omitted). Here, given the consent of the parties, the likely breadth of discovery to be sought, and the possibility that the decision on the motion to dismiss will narrow the claims at issue, the Court concludes that good cause it warranted to stay discovery pending a decision on the motion to dismiss. Accordingly, **discovery shall be stayed** and **the parties' initial pretrial conference is adjourned** and will be rescheduled, if necessary, after a decision on the motion to dismiss.