UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHANIE MCCAFFREY,

Plaintiff,

-against-

THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK,

Defendants.

Case No. 1:25-cv-06528 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

Plaintiff Stephanie McCaffrey ("McCaffrey" or "Plaintiff") brings this action against the New York City Police Department (the "NYPD") and the City of New York (the "City" and, together with the NYPD, "Defendants"). Dkt. 1 ("Compl." or the "Complaint"). Plaintiff alleges that Defendants discriminated against her when they denied her request for a religious exemption from the City's COVID-19 vaccine mandate for City employees. Now before the Court is Defendants' motion to dismiss the Complaint in its entirety for failure to state a claim on which relief can be granted. Dkt. 8 ("Mot."). For the reasons that follow, Defendants' motion to dismiss is GRANTED.

## BACKGROUND

### I. Factual Allegations

The following facts are drawn from the Complaint and taken as true for purposes of this motion. *See Costin v. Glens Falls Hosp.*, 103 F.4th 946, 952 (2d Cir. 2024).[1]

[1] The Court also considers "documents appended to the [C]omplaint or incorporated in the [C]omplaint by reference" and materials that are "otherwise integral to the Complaint." *Concord Assocs., L.P. v. Ent. Props. Tr.*, 817 F.3d 46, 51 n.2 (2d Cir. 2016) (noting that district courts may consider such materials in adjudicating motions to dismiss); *accord Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *see also Temple v. Hudson View Owners Corp.*,

On October 20, 2021, the City of New York issued a mandate that all City employees receive a COVID-19 vaccination by October 29, 2021. Compl. ¶ 26; Dave A. Chokshi, *Order of the Commissioner of Health and Mental Hygiene to Require COVID-19 Vaccination for City Employees and Certain City Contractors* (Oct. 20, 2021), https://www.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-vaccination-requirement-city-employees.pdf. Alongside the mandate, the City promulgated a reasonable accommodation policy, which provided that "[a] sincerely held religious, moral, or ethical belief may be a basis for a religious accommodation." *Id.* ¶ 28. At the time, McCaffrey was employed as a detective for the NYPD and was therefore subject to the vaccine mandate. *See id.* ¶ 16. On October 27, 2021, shortly before the start of her maternity leave, McCaffrey requested a medical exemption. *Id.* ¶ 35; *see generally* Dkt. 8-2 ("Medical Exemption Request"). That request was denied on November 17, 2021. Dkt. 8-3 ("Medical Exemption Denial"). Later, in advance of her return from maternity leave, McCaffrey again sought an exemption from the vaccine mandate on February 17, 2022[2] — this time invoking her Christian faith to seek a religious accommodation.

---

222 F. Supp. 3d 318, 323 (S.D.N.Y. 2016) ("A document is 'integral' if the complaint 'relies heavily on its terms and effects.'" (quoting *Chambers*, 282 F.3d at 153)). Here, because the Complaint references and relies on the full record of Plaintiff's application and appeal, the Court considers the documents appended to Defendants' motion, Dkts. 8-2–8-8, which consist of Plaintiff's exemption requests and materials attached thereto, communications between Plaintiff and the NYPD regarding the same, and the NYPD's subsequent denials.

[2] The Complaint and attached exemption request each reflect that McCaffrey made her request on a different date in 2021. *See* Compl. ¶ 35 (alleging that the religious accommodation request was made "[o]n October 27, 2021"); Dkt. 1-1 at 2 (reflecting a signature date of "2/17/2021"). But the fuller record reveals that she submitted her application on February 17, 2022. *See* Dkt. 8-4 ("Religious Exemption Request") at 5 (email with attached accommodation form from McCaffrey dated February 17, 2022, noting that she is "submitting a request for accommodation"); *id.* at 6 (Reasonable Accommodation Request, Cooperative Dialogue and Outcome Form, reflecting that the NYPD received McCaffrey's request on "2/17/22"). The confusion likely arose because McCaffrey filed her *medical* exemption request on October 27, 2021, while coordinating her maternity leave set to commence on November 1, 2021. *See* Medical Exemption Request at 2. But the *religious* exemption request at issue here was not filed

Compl. ¶ 1 (alleging that "Plaintiff cannot inject her body with a vaccine that was either developed or tested using fetal cells that originated in abortion" because she "believes that abortion is murder and a sin against God" (internal quotation marks omitted)); *see* Religious Exemption Request; *see also* Dkt. 8-5 ("Personal Statement"); Dkt. 8-6 ("Clergy Letter"). On June 1, 2022, the NYPD notified McCaffrey that her request for a religious exemption was denied. *See* Dkt. 8-8 ("Religious Exemption Denial"); Compl. ¶ 13. The NYPD's cited reasons for its denial included that the application contained "[i]nsufficient or missing religious documentation" and "[n]o demonstrated history of vaccination/medicine refusal," and that the "[w]ritten statement d[id] not set forth how [McCaffrey's] religious tenets conflict[ed] with [the] vaccine." Religious Exemption Denial at 1; *see also* Dkt. 8-7 ("Determination Worksheet"). McCaffrey alleges that "[t]here was no interactive process or cooperative dialogue regarding [her] [accommodation] request" in advance of that denial. Compl. ¶ 46; *see also id.* ¶¶ 45, 50.

The subsequent events are less clear. At an unspecified date, McCaffrey appears to have appealed the denial of her religious accommodation request to the City of New York Reasonable Accommodation Appeals Panel (the "Citywide Panel"). *See id.* ¶ 52. But after an unidentified source told her that all appeals would be denied, *id.* ¶ 51, McCaffrey claims that she was "forced" to retire on September 9, 2022, before receiving a final decision on her appeal, which she believed would have resulted in her inevitable termination, *id.* ¶¶ 52-54. The Complaint

---

until after McCaffrey had given birth, *see* Dkt. 1-1 at 3 ("My body is currently sustaining the life of my 2 month old through breastfeeding."), indicating that the request was filed in 2022. Accordingly, the Court will treat February 17, 2022, as the operative date of the filing of McCaffrey's religious accommodation request. *See Tongue v. Sanofi*, 816 F.3d 199, 206 n.6 (2d Cir. 2016) ("Where a document is referenced in a complaint, 'the documents control and this Court need not accept as true the allegations in the . . . complaint.'" (quoting *Rapoport v. Asia Elecs. Holding Co.*, 88 F. Supp. 2d 179, 184 (S.D.N.Y. 2000))).

does not allege what stage of the process McCaffrey's appeal was in when she retired, or whether her appeal was, in fact, ultimately denied.

On these facts, McCaffrey alleges a single cause of action for failure to accommodate in violation of the New York City Human Rights Law ("NYCHRL"). *Id.* ¶¶ 71-123. She seeks a declaratory judgment that Defendants' failure to accommodate is an unlawful discriminatory practice under the NYCHRL, an order compelling her reinstatement and the grant of her religious accommodation request, monetary damages, and an award of attorney's fees. *Id.* at 21-22.

## II. Procedural History

Plaintiff commenced this action on August 7, 2025. *See generally id.* On November 9, 2025, Defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim on which relief can be granted. Mot.; Dkt. 9 ("Br."); Dkt. 8-1 ("Chazin Decl."); Dkts. 8-2–8-8. Plaintiff filed her opposition brief on December 5, 2025, Dkt. 14 ("Opp."); Dkt. 14-1, and Defendants replied on December 29, 2025, Dkt. 17 ("Reply"). The motion is thus fully briefed.[3]

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain[] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 72 (2d Cir. 2021) (en banc) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "accept[s] all factual allegations as true, and

[3] Plaintiff requested oral argument via notation on her opposition brief. Opp. at 1. The Court declines this request because the parties' briefing was sufficient, and oral argument would not materially assist the Court. *See Dotson v. Griesa*, 398 F.3d 156, 159 (2d Cir. 2005) ("[A] district court acts well within its discretion in deciding dispositive motions on the parties' written submissions without oral argument.").

draw[s] all reasonable inferences in the plaintiff's favor." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 110-11 (2d Cir. 2010) (quoting *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009)). However, a complaint must allege "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

### I. Plaintiff's Claim Against the NYPD Is Dismissed

Defendants argue that Plaintiff's claim against the NYPD must be dismissed because the NYPD is not subject to suit by Plaintiff. Br. at 6. Plaintiff does not address this argument in her Opposition, *see generally* Opp., perhaps because Defendants are correct.

Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter ch. 17 § 396. "Section 396 of the Charter has been construed to mean that New York City departments, as distinct from the City itself, lack the capacity to be sued." *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 160 (2d Cir. 2008) (per curiam); *see Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of the City."); *Chinchilla v. N.Y.C. Police Dep't*, No. 23-cv-08986 (DEH), 2024 WL 3400526, at *11 (S.D.N.Y. July 12, 2024) ("The NYPD, as a city agency, is not a suable entity." (quoting *Paige-El v. Herbert*, 735 F. App'x 753, 755 (2d Cir. 2018) (summary order))). Accordingly, Plaintiff's claim against the NYPD is dismissed.

### II. Plaintiff's Claim Against the City Is Time-Barred

Defendants next argue Plaintiff's claim against the City must be dismissed as time-barred. Specifically, Defendants assert that Plaintiff's claim is untimely because it should have been brought as an Article 78 proceeding, which is subject to a shorter limitations period than

that applicable to claims under the NYCHRL. *See* Br. at 6-9. McCaffrey disagrees and maintains that the applicable limitations period is the three-year period governing NYCHRL actions. *See* Opp. at 21-24. While Plaintiff is correct that the action need not have been brought as an Article 78 proceeding, her claim is nevertheless untimely — albeit under the NYCHRL's three-year statute of limitations.

**A. The NYCHRL's Three-Year Limitations Period Applies**

Under New York law, "[t]he Article 78 proceeding supersedes the common law writs of mandamus, prohibition, and certiorari to review, supplying in replacement of all three of them a uniform device for challenging the activities of an administrative agency in court." *Whitfield v. City of New York*, 96 F.4th 504, 519 (2d Cir. 2024) (quoting David D. Siegel, New York Practice § 557 (6th ed. 2023)). Article 78 proceedings "differ . . . from plenary civil actions" because "the[ir] substantive scope . . . is limited," they "are characterized by a limited and expedited summary procedure," and they offer only "limited" relief. *Id.* at 519-20 (quotation marks and citation omitted). Article 78 proceedings are subject to a four-month statute of limitations. *See* N.Y. C.P.L.R. § 217(1).

As to whether an Article 78 proceeding is the proper venue for McCaffrey's claim, *Chinchilla v. N.Y.C. Police Department* is persuasive. There, the court addressed the issue in the context of a former NYPD employee who brought state and federal discrimination claims against the City, instead of an Article 78 petition, because she was denied a religious exemption to the COVID-19 vaccine requirement. *Chinchilla*, 2024 WL 3400526, at *1. The court rejected the City's argument that the plaintiff's discrimination claims were untimely because they were not brought as an Article 78 proceeding within four months of the denial of the accommodation. *Id.* at *11. It explained that "the New York Court of Appeals has held that discrimination claims against public employers are subject to a three-year statute of limitations, and New York courts

have continued to apply this precedent in recent years." *Id.*; *see Koerner v. State*, 467 N.E.2d 232, 234-35 (N.Y. 1984) (holding that the lower court erred in dismissing discrimination action brought under the NYSHRL because applicable statute of limitations was three years, not four-month limitations period applicable to Article 78 proceedings). As in *Chinchilla*, Plaintiff's claims here center on her request for a reasonable accommodation, which is "substantively about the complained-of discrimination, and therefore [is] governed by a three-year statute of limitations." *Chinchilla*, 2024 WL 3400526, at *11; *see also Farrell v. City of New York*, No. 23-cv-04329 (JLR), 2024 WL 3849333, at *3-4 (S.D.N.Y. Aug. 16, 2024) (applying reasoning in *Chinchilla* and holding same); *McCaffrey v. N.Y.C. Police Dep't*, No. 25-cv-05072 (AKH), 2026 WL 1894391, at *4-5 (S.D.N.Y. July 1, 2026) (same).

In their Reply, Defendants criticize Plaintiff's reliance on *Chinchilla* because it is a federal district court's interpretation of New York law rather than a New York state court decision. *See* Reply at 4-5. That criticism is misplaced. *Chinchilla* applies the rule announced by the New York Court of Appeals in *Koerner v. State*: a plaintiff asserting an independent statutory discrimination claim against a public employer is subject to a three-year limitations period. *See Chinchilla*, 2024 WL 3400526, at *11 (citing *Koerner*, 467 N.E.2d at 234-35). Thus, Defendants' repeated refrain that federal courts must follow New York law, Br. at 7 n.2; Reply at 4-5, rings hollow, because the governing rule applied in *Chinchilla* is from the New York Court of Appeals.

Defendants attempt to avoid that rule by relying on decisions from New York lower courts. *See* Br. at 7 (citing *Campagna v. N.Y.C. Police Dep't*, 218 N.Y.S.3d 331 (N.Y. App. Div. 2024); *Roach v. N.Y.C. Hous. Auth.*, No. 159233/2023, 2025 WL 1085308 (N.Y. Sup. Ct. Apr. 9, 2025); *Goolsby v. City of N.Y.*, 207 N.Y.S.3d 874 (N.Y. Sup. Ct. 2024); and *Wong v. City of N.Y. & Parks & Recreation*, No. 503651/2024, 2024 WL 4792101 (N.Y. Sup. Ct. Nov. 12, 2024)).

But those decisions cannot displace a holding of the New York Court of Appeals, which this Court is bound to apply. *See Glob. Reinsurance Corp. of Am. v. Century Indem. Co.*, 22 F.4th 83, 101 (2d Cir. 2021) (noting that "the highest court of a state has the final word on the meaning of state law, and thus [federal courts] are bound to apply New York law as determined by the New York Court of Appeals" (internal quotation marks and citation omitted)). Decisions of New York's lower courts, then, are at best persuasive authority, and they are least persuasive when inconsistent with controlling Court of Appeals precedent. *Cf. Reddington v. Staten Island Univ. Hospital*, 511 F.3d 126, 133 (2d Cir. 2007) ("Decisions of New York's intermediate appellate courts are helpful indicators of how the Court of Appeals would decide, but [federal courts] are not strictly bound by decisions of the Appellate Division, particularly when [federal courts] . . . have persuasive data that the Court of Appeals would decide otherwise." (internal quotation marks and citation omitted)). *Koerner* remains binding here. The Court of Appeals has not subsequently retreated from its holding. And New York trial and appellate courts have continued to cite and apply *Koerner*, including in cases with facts nearly identical to those present here. *See, e.g.*, *Farah v. City of New York*, 243 N.Y.S.3d 80, 83-84 (N.Y. App. Div. 2025) (citing *Koerner* and concluding, in a vaccine mandate accommodation case, that "since the plaintiff challenged more than just an administrative determination of the New York City Police Department . . . the plaintiff could have but was not required to commence this action pursuant to CPLR article 78"), *appeal dismissed*, 45 N.Y.3d 980 (N.Y. 2026); *Henriquez v. City of New York*, 254 N.Y.S.3d 54, 56 (N.Y. App. Div. 2026) (citing *Koerner* and noting that "[a] plaintiff alleging discrimination by a public employer has the option to pursue either a CPLR article 78 proceeding or a [NYCHRL] plenary action"); *accord Holloway v. City of New York*, 212 N.Y.S.3d 915, 2024 WL 3243976, at *5 (N.Y. Sup. Ct. 2024) (unpublished table decision). Defendants cannot detract from settled New York law by collecting lower-court decisions that

overlook, distinguish, or cannot be reconciled with it. Accordingly, the NYCHRL's three-year statute of limitations governs this action.

### B. The Discriminatory Act at Issue Took Place Outside of the Three-Year Limitations Period

McCaffrey's claim against the City is nevertheless time-barred. "Although the lapse of a limitations period is an affirmative defense that a defendant must plead and prove, a statute of limitations defense may be raised in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint." *United States v. N. Adult Daily Health Care Ctr.*, 205 F. Supp. 3d 276, 303 (E.D.N.Y. 2016) (internal quotation marks and citation omitted). In fact, "where 'the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted,'" a court need not wait for the defendant to raise the limitations argument and "may [instead] dismiss an action *sua sponte* on limitations grounds." *Walters v. Indus. & Com. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) (quoting *Leonhard v. United States*, 633 F.2d 599, 609 n.11 (2d Cir. 1980)); *see also Khalil v. Pratt Inst.*, 818 F. App'x 115, 116-17 (2d Cir. 2020) (summary order) (affirming *sua sponte* dismissal of *pro se* plaintiff's employment discrimination claims as time-barred). Although Defendants here raise a limitations argument in their motion, *see* Br. at 6-9, they do not explicitly argue that McCaffrey's claim is barred by the NYCHRL's three-year limitations period, focusing instead on the four-month period for Article 78 proceedings. *But see id.* at 8 (noting, in the context of Defendants' Article 78 argument, that "Plaintiff did not commence this action until August 7, 2025, over three years . . . after she alleges her exemption request was denied," meaning her claim is "time-barred and must be dismissed"). Notwithstanding Defendants' failure to raise the argument directly, the allegations in the Complaint make apparent that Plaintiff did not bring her claim against the City within the NYCHRL's three-year statute of limitations. Accordingly, the Court must dismiss the claim.

The NYCHRL provides that "[a] civil action commenced under this section must be commenced within three years after the alleged unlawful discriminatory practice or act . . . occurred." N.Y.C. Admin. Code § 8-502(d). That is, the limitations period for a NYCHRL claim begins to run on the date of the discriminatory act. *See Anderson v. City of New York*, No. 06-cv-05726 (RRM) (RER), 2012 WL 6720694, at *8 (E.D.N.Y. Dec. 27, 2012) ("Discrimination claims brought under NYCHRL are subject to a three year statute of limitations, which starts to run from the date of any allegedly discriminatory act."); *accord Delaney v. Farley*, 623 F. App'x 14, 16 (2d Cir. 2015) (summary order); *see also Chardon v. Fernandez*, 454 U.S. 6, 8 (1981) (per curiam) ("[T]he proper focus [in evaluating whether the limitations period has run] is on the time of the *discriminatory act*, not the point at which the *consequences* of the act become painful."). Because McCaffrey filed the Complaint on August 7, 2025, *see* Compl., any claims based on discriminatory acts that accrued before August 7, 2022, are therefore time-barred.

Courts apply a two-step analysis to determine the date on which a discriminatory act accrues: "(1) identify the precise nature of the unlawful employment practice alleged by the plaintiff, and (2) identify when the plaintiff had notice of that unlawful employment practice." *Doe v. Anonymous Inc.*, No. 18-cv-10924 (PAC), 2019 WL 2616904, at *2 (S.D.N.Y. June 25, 2019), *aff'd*, 794 F. App'x 129 (2d Cir. 2020) (summary order). Employing that analysis here, the unlawful employment practice that McCaffrey alleges is a failure to reasonably accommodate her religious practice. Compl. ¶ 78 ("Defendants failed to provide Plaintiff with a reasonable accommodation of her religious observance, practice, and belief (i.e., that she is prohibited from taking the COVID-19 vaccine)[.]"). That failure, in McCaffrey's telling, took the form of a denial of her religious accommodation request, *see id.* ¶¶ 5, 11, 13, which McCaffrey had notice of upon its issuance on June 1, 2022, *see* Religious Exemption Denial at 1. That means that the

sole discriminatory act alleged in the Complaint accrued on June 1, 2022. *See, e.g.*, *Matyas v. Dep't of Educ.*, No. 25-cv-01861 (OEM) (MMH), 2026 WL 1194714, at *6 (E.D.N.Y. May 1, 2026) (concluding, where "[p]laintiffs allege[d] that they were discriminated against by [d]efendants' failure to accommodate them when [d]efendants denied [plaintiffs'] religious exemption requests," that plaintiffs' "claims accrued on the date when their exemption requests were denied"); *Golden v. Verizon N.Y. Inc.*, No. 22-cv-05757 (RA), 2024 WL 664781, at *3 n.4 (S.D.N.Y. Feb. 16, 2024) ("For purposes of his failure to accommodate theory, [plaintiff]'s claim accrued on the day that [defendant] rejected his request for reasonable accommodation."); *Gilani v. Teneo, Inc.*, No. 20-cv-01785 (CS), 2022 WL 220087, at *8 (S.D.N.Y. Jan. 25, 2022) ("[O]nce a request for accommodation is made by the employee and denied by the employer, the claim has accrued[.]"), *aff'd*, No. 22-169, 2022 WL 17817895 (2d Cir. Dec. 20, 2022) (summary order); *Elmenayer v. ABF Freight System, Inc.*, 318 F.3d 130, 134-35 (2d Cir. 2003) (treating rejection of religious accommodation as "discrete act" that triggers limitations period). That date falls outside of the three-year limitations period.

McCaffrey does not invoke any exception to the statute of limitations to save her claim. *See generally* Compl.; Opp. Nor can she, as no recognized exception applies here. While the limitations period may be "tolled during the pendency of an administrative complaint," *McConkey v. Churchill Sch. & Ctr.*, No. 24-cv-06091 (LJL), 2025 WL 2062195, at *6 (S.D.N.Y. July 23, 2025), the only proceedings that the NYCHRL and courts in this Circuit recognize as tolling the limitations period are those before the EEOC, the City Commission on Human Rights, and the New York State Department of Human Rights. *See, e.g.*, *Banks v. Gen. Motors, LLC*, 81 F.4th 242, 260 (2d Cir. 2023) ("This three-year statute of limitations is tolled during the period in which a complaint is pending before the New York State Department of Human Rights or with the EEOC."); N.Y.C. Admin. Code § 8-502(d) ("Upon the filing of a complaint with the city

commission on human rights or the state division of human rights and during the pendency of such complaint and any court proceeding for review of the dismissal of such complaint, such three-year limitations period shall be tolled."). McCaffrey appears to have submitted an appeal to the Citywide Panel on an unknown date and retired before receiving a decision. *See* Compl. ¶¶ 52-53. But neither the NYCHRL's text nor case law in the Second Circuit recognizes proceedings before the Citywide Panel as tolling the limitations period. *See* N.Y.C. Admin. Code § 8-502(d); *cf. Kulkarni v. City Univ. of N.Y.*, No. 01-cv-03019 (DLC), 2001 WL 1415200, at *5 (S.D.N.Y. Nov. 13, 2001) ("[T]he internal appeal of an employment decision does not toll the limitations period."); *accord Cherry v. City of New York*, 381 F. App'x 57, 58-59 (2d Cir. 2010) (summary order); *John v. N.Y.C. Dep't of Educ.*, 313 F. App'x 404, 405 (2d Cir. 2009) (summary order). McCaffrey has not alleged otherwise or cited any authority to the contrary. Accordingly, Plaintiff's claim against the City remains untimely and must be dismissed.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 8 and CLOSE this case.

Dated: July 23, 2026
New York, New York

SO ORDERED.

Jennifer Rochon

JENNIFER L. ROCHON
United States District Judge